Roger and Ruth ANDERSON d/b/a Anderson Auto Salvage *v.* BNSF RAILWAY COMPANY

08-232                                                289 S.W.3d 52

Supreme Court of Arkansas
Opinion delivered November 6, 2008

*Eichenbaum, Liles & Heister, P.A.*, by: *Christopher O. Parker*, for appellants.

*Barrett & Deacon, P.A.*, by: *John C. Deacon, Brandon J. Harrison*, and *Andrew H. Dallas*, for appellee.

Per Curiam. ■ Appellants Roger and Ruth Anderson, owners of Anderson Auto Salvage, appeal from an order entered by the Craighead County Circuit Court that vacated a decision by the Arkansas State Highway Commission (Commission). Because the Andersons submitted a brief without a proper abstract in violation of Ark. Sup. Ct. R. 4-2(a)(5), we order rebriefing.

Rule 4-2(a)(5) provides, in pertinent part:

> The appellant's abstract or abridgment of the transcript should consist of an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision.

The procedure to be followed when an appellant has submitted an insufficient abstract or addendum is set forth in Ark. Sup. Ct. R. 4-2(b)(3):

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficien-

cies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

The Andersons' brief in this case is deficient for multiple reasons. The Andersons failed to abstract key portions of a hearing before the Commission held on January 23, 2007; specifically, the Andersons did not abstract arguments presented on the issue of preemption by federal law. Further, the Andersons failed to adequately abstract arguments on preemption and the Commission's alleged procedural errors that were presented to the circuit court at a hearing held on October 5, 2007.[1] Finally, the Andersons' addendum omits relevant material, including requests for a hearing before the Commission, notice of hearings, BSNF's petition for review filed in the circuit court, and the parties' briefs filed in the circuit court. The appellee submitted a supplemental abstract and addendum, which would normally cure the appellant's deficiencies. *See Cortinez v. Ark. Supreme Court Comm. on Prof'l Conduct*, 353 Ark. 104, 111 S.W.3d 369 (2003). However, BSNF's supplemental abstract is also deficient in that it does not condense arguments and testimony presented at hearings held before the Commission and the circuit court; instead, BSNF essentially reproduced the transcript.

Because the Andersons have failed to comply with Rule 4-2(a)(5), we order them to file a substituted abstract, addendum, and brief within fifteen days from the date of entry of this order. If the Andersons fail to do so within the prescribed time, the judgment appealed from may be affirmed for noncompliance with Rule 4-2. After service of the substituted abstract, addendum, and brief, BSNF shall have an opportunity to revise or supplement its brief in the time prescribed by the Court.

Rebriefing ordered.

---

[1] The Appellants incorrectly labeled this hearing as "Hearing Before the Arkansas Highway Commission of November 05, 2007" in their brief's Table of Contents. The record shows that this hearing was before the circuit court, and that it was held on October 5, 2007.